UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRIENISE SAPORA SAMMONS,

    Plaintiff,

v.                                                  Case No. 14-12377
                                                  Hon. Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION
### and
## DISMISSING ACTION

    This matter is before the Court on Magistrate Judge Anthony P. Patti's Report and Recommendation.  **[Doc. No. 20, filed July 1, 2015]** Objections were filed by the Plaintiff on July 14, 2015.  A reply to the objections was filed on July 17, 2015.

    Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review

of an ALJ's decision is not a de novo review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. The Court agrees with the Magistrate Judge that although Plaintiff had severe impairments, Plaintiff did not have an impairment or combination of impairments that met the listed impairments as required in step three of the five-step sequential evaluation of the evidence. The Court further agrees that the ALJ's conclusion that although Plaintiff was unable to perform her past relevant work, she was capable of performing other jobs that exist in significant numbers in the national economy. The Magistrate Judge reviewed the ALJ's findings and the record in reaching his conclusion. The Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law that Plaintiff retained the residual functional capacity to return to her past sedentary work.

As to Plaintiff's Motion to Remand under Sentence Six of § 405(g), the Court agrees with the Magistrate Judge that Plaintiff has failed to establish that

remand is required.  Sentence Six remand requires "a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g), Sentence Six.  Plaintiff concedes that the records at issue are not new, but were omitted from the administrative record below.  As noted by the Magistrate Judge, Plaintiff had the opportunity below to ensure the record was included.  The Court further agrees with the Magistrate that Plaintiff was able to testify at the hearing to nearly all of her symptoms and history to various health and mental health professionals contained in the omitted records.  Because Plaintiff had the opportunity to review the records pre-hearing, the Court agrees with the Magistrate Judge that she has not show good cause to remand the matter under Sentence Six.

For the reasons set forth above,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Anthony P. Patti **[Doc. No. 20, filed July 1, 2015]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand **[Doc. No. 13, filed November 21, 2014]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 17, filed February 11, 2015]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[Doc. No. 21, filed July 14, 2015]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 30, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager